**WERSTLER v**
**CIVIL SERVICE COMM OF AKRON et**

Ohio Appeals, 9th Dist, Summit Co

No 2443.   Decided July 13, 1934

Gottwald, Breiding & Hinton, Akron, for plaintiff.

C. C. Benner, Director of Law, Akron, and Alfred Limber, Asst. Dir. of Law, Akron, for defendants.

**OPINION**

By STEVENS, J.

If either of these questions is answered in the affirmative, then the position held by plaintiff falls within the unclassified category, under the statute, and is not amenable to civil service regulations.

The testimony of Ralph Waterhouse, superintendent of schools of the city of Akron, before this court, indicates that plaintiff is amenable to direction and control from the assistant superintendent of schools, to whom he is immediately answerable.

In Opinion 945, page 80, at page 84, of 1 Opinions of the Attorney General (Ohio), 1920, the attorney general of Ohio said:

"It is not the contemplation of the civil service law that any board, commission or head of a department shall create a number of subdivisions covering minor activities and then call them departments in order to come within the exemptions mentioned in §486-8 GC. As pointed out by the attorney-general in his opinion of December 27, 1913, what is meant in the exemptions under §486-8 GC is the head of a principal department, that is, a department about which there could be no question but what it was a department in the full sense, as contemplated by law."

And in the headnotes it was said:
"2. In city school districts all persons in the employ of the board of education of such city school district are in the classified civil service unless they are directors, superintendents, principals, instructors or teachers, as provided in **paragraph 7 of §486-8 GC.**"
"1. Under §486-8 GC the municipal civil service commission in each city in the state is the civil service commission of the city school district in which such city is located, and such municipal civil service commission has authority to conduct examinations for all positions and employments under the board of education of such city school district unless the positions clearly come within the exemptions mentioned in §486-8 GC."

The evidence in the instant case discloses that plaintiff was appointed by the board of education of the Akron city school district "as chief attendance officer at a salary of $168.00 per month, effective as of September 1, 1932, with the **understanding that the appointment is subject to the rules and regulations of the civil service commission.**"

It is thus apparent that plaintiff, when he accepted his appointment, accepted it subject to the condition that he should be **"subject to the rules and regulations of the civil service commission."**

Judged by the pronouncements of the attorney general of Ohio, as above set forth, which we regard as sound, we cannot conclude that the position held by plaintiff is that of the head of a department "about which there could be no question but what it was a department in the full sense, as contemplated by law," nor can we say from the evidence contained in the record that plaintiff's duties were in the nature of educational or research duties.

It is our conclusion that plaintiff is a person in the employ of the board of education of the Akron city school district; that he is not a director, superintendent, principal, instructor or teacher, as provided in **paragraph (a) 7 of §486-8, GC,** nor the head of a department appointed by the chief appointing authority of the city school district, as provided in **paragraph (a) 3 of §486-8, GC;** that he is accordingly in the classified service, and hence amenable to civil service regulations.

The petition of plaintiff will therefore be dismissed, at his costs, with exceptions to plaintiff.

WASHBURN, PJ, and FUNK, J, concur in judgment.